# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

## CASE NO.:

MATTHEW B. BRENOWITZ,

    Plaintiff,

vs.

IMPLANT SEMINARS, INC., and
ARUN KUMAR GARG, individually,

    Defendants.
_____/

## COMPLAINT

Retaliation and deterrence—these are the only 2 reasons for which Mr. Brenowitz was suddenly and unexpectedly terminated from his employment with IMPLANT SEMINARS, INC. ("Implant Seminars") by ARUN KUMAR GARG ("Dr. Garg") despite years of dedicated and loyal service. *Retaliation*—for the filing of a lawsuit alleging violations of employment law against Dr. Garg by Mr. Brenowitz's girlfriend as well as one of his best friends, both of whom also worked for Dr. Garg. *Deterrence*—for all of Dr. Garg's other employees who may have been considering raising any other employment violations by Dr. Garg and his many companies.

**COMES NOW**, Plaintiff, MATTHEW B. BRENOWITZ ("Mr. Brenowitz") by and through the undersigned counsel, ans sues Defendants, Implant Seminars and Dr. Garg, and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by Mr. Brenowitz to recover money damages and equitable relief for illegal retaliatory discharge and for unpaid overtime wages, pursuant to 29 U.S.C. §§ 201-219, the Fair Labor Standards Act ("the FLSA").

2. Section 15 of the FLSA makes it unlawful for "any person" to "discharge or in any other manner discriminate against any employee because such employee" has engaged in activity under or related to the FLSA. 29 U.S.C. 215(a)(3). Section 16(b) permits a retaliation claim "against any employer . . . by any one or more employees." 29 U.S.C. 216(b).

3. Section 7 of the FLSA requires that an employer pay a non-exempt employee one and one-half times the employee's regular rate of pay for each hour worked in excess of 40 hours during a workweek. 29 U.S.C. 207(a)(1).

4. As the Eleventh Circuit Court of Appeals has repeatedly held, "the goal of the FLSA is to counteract the inequality of bargaining power between employees and employers." *See, e.g.,* Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1332 (11th Cir. 2014)(*quoting* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697 (1945)).

## JURISDICTION

5. Jurisdiction of this Court arises under 29 U.S.C. 216.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. 1331.

7. Venue in this District is proper because Mr. Brenowitz, Implant seminars, and Dr. Garg all reside in this District, and because it is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. 1391(b).

## PARTIES

8. At all times relevant to this Complaint, Mr. Brenowitz, was an employee of Implant Seminars, including within the last 3 years, and is a covered employee under the FLSA.

9. At all times relevant to this Complaint, corporate Defendant, Implant Seminars, is a Florida corporation, which has its principal place of business in Miami-Dade County, Florida,

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

10. Implant Seminars has a gross volume of sales made or business done of $500,000.00 or more per annum and employs at least two individuals who are routinely involved in interstate commerce, as set forth more fully below.

11. Based upon the above, Implant Seminars is and was "enterprise" as defined by 29 U.S.C. 203(r) and an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. 203(s).

12. The individual Defendant, Dr. Garg, is the founder of Implant Seminars and the person who hired and fired Mr. Brenowitz. Dr. Garg is a resident of Miami-Dade County and is an "employer," as defined in 29 U.S.C. 203(d), as he had direct operational control over Implant Seminars and is directly involved in decisions affecting employee compensation and hours worked by employees such as Mr. Brenowitz.

## BACKGROUND AND GENERAL ALLEGATIONS

13. Implant Seminars provides seminars to other dentists and dental surgeons and proclaims itself as "a leader in continuing post-graduate dental education". Implant Seminars offers various seminars including "the Dental Implant Continuum™" which is 88 hours of continuing education program as well as "The Master Series" which is a 2-day course given in various cities throughout the United States. Implant Seminars also offers seminars on oral sedation, guided surgery, phlebotomy, cosmetic dentistry, extraction and soft tissue. http://www.implantseminars.com/ (last visited January 16, 2017).

14. Implant Seminars was founded and is run by Dr. Garg, whose picture graces the home page of Implant Seminar's website.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

15. Dr. Garg is an accomplished and experienced dental surgeon. According to Dr. Garg's own biography:

> Arun K. Garg, DMD, is a nationally recognized dental educator and surgeon who for over 20 years, served as a full-time Professor of Surgery in the Division of Oral and Maxillofacial Surgery and as Director of Residency Training at the University of Miami Leonard M. Miller School of Medicine. Frequently awarded faculty member of the year by his residents, Dr. Garg is considered the world's preeminent authority on bone biology, bone harvesting and bone grafting for dental implant surgery and has written and published nine books and a dental implant marketing kit which have been translated in multiple languages and distributed worldwide. He has been a featured speaker at dozens of state, national and international dental association conventions and meetings including the American Academy of Periodontology, the American College of Oral and Maxillofacial Surgeons and the International Congress of Oral Implantologists. Dr. Garg is the recipient of numerous awards including outstanding educator by the ICOI and an award for best article published by the Implant Dentistry Journal. Dr. Garg earned his engineering and dental degrees from the University of Florida and completed his residency training at the University of Miami Jackson Memorial Hospital. He is also the founder of Implant Seminars, a leading dental continuing education company that offers a variety of class-based, hands-on, and live patient programs in the United States and abroad.

16. In addition to its many seminars and book series, Implant Seminars also offers live dental implant training. This training is held in Fundación Dr. Garg in Santo Domingo, Dominican Republic, and allows students to "place up to 30 implants" on a live patient. The Dominican Republic facility ("The D.R. Facility") "runs a fully Westernized dental medical operation. It comes complete with the most advanced diagnostic, patient screening and imaging equipment (donated from around the world) and is overseen by a full-time staff of eight doctors." http://www.implantseminars.com/livepatient.html (last visited January 16, 2017).

17. Through his other companies, Dr. Garg markets and sells dental and surgical

supplies and products to those attending his seminars and trainings.

18. One of the eight doctors overseeing the The D.R. Facility was Lehidy Gabriela Ruiz Moncion ("Dr. Ruiz") who was and is Mr. Brenowitz's girlfriend.

19. At some point in early 2016, Dr. Garg became aware of the relationship between Dr. Ruiz and Mr. Brenowitz.

20. The administrator of the D.R. Facility at all times relevant to this Complaint was Joan Carlos Eusebio Jimenez ("Dr. Eusebio") who was and is Mr. Brenowitz's very dear friend and close confidant.

21. It was Dr. Eusebio who first introduced Mr. Brenowitz and Dr. Ruiz.

22. Dr. Garg was aware of the close relationship between Dr. Eusebio and Mr. Brenowitz.

23. Dr. Garg was in need of a videographer to video and edit the seminars as well as the live training in the D.R. Facility.

24. Dr. Garg was introduced to Mr. Brenowitz who was and is a talented videographer and video editor and was shortly thereafter hired by Dr. Garg to fil and edit the seminars and live training.

25. Dr. Garg sent an e-mail to his team dated October 18, 2012, stating that Mr. Brenowitz would begin employment starting in November 2012, "working M-F 9-5 and approximately one weekend a month."

26. Dr. Garg then touted Mr. Brenowitz's "extensive background in Videography (Shooting AND editing), Social Media marketing, Music, Photography, Graphic design, and much more."

27. Dr. Garg concluded the e-mail, inviting the team to introduce themselves to Mr.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

Brenowitz and noting that "[a]s you can see this is a much needed position with exciting possibilities. This will be an exciting Fall/Winter and I'm sure everyone is going to enjoy the new addition to the team."

28. Mr. Brenowitz did indeed begin his employment with Implant Seminars on or about November 1, 2012.

29. Mr. Brenowitz began filming and editing various seminars and procedures and began flying to the D.R. Facility to film there as well.

30. In addition to filming, Dr. Garg would task Mr. Brenowitz with: copying other dentist's videos and removing their logos and advertisements; recording seminars put on by the competition; leaving positive feedback for his own books; and leaving negative reviews for certain other dentists.

31. Dr. Garg was personally very involved in the operations of Implant Seminars and was in regular contact with Mr. Brenowitz with directions and comments about his work.

32. On average, Mr. Brenowitz would travel to the D.R. Facility once every two months to film for Implant Seminars. During his time there, Mr. Brenowitz would be required to work between 10-12 hours per day, with many trips lasting 3-5 days.

33. When not in the Dominican Republic, Mr. Brenowitz was required to work as much as needed, which would be from 5-7 days a week.

34. For example, from June 27, 2016, through July 29, 2016, Mr. Brenowitz worked straight—at least 8 hours per day— without a single day off. This period also included two trips to the D.R. Facility

35. As another example, from August 22, 2016, through September 16, 2016, Mr. Brenowitz worked straight without a single day off. This period also included a trip to the D.R.

Facility.

36. For some reason known to Dr. Garg, Dr. Garg failed to timely and fully pay his staff in the D.R. Facility and on November 15, 2016, Dr. Ruiz and Dr. Eusebio filed a complaint against Dr. Garg, Implant seminars, and Fundacion Dr. Garg (the "Lawsuit").

37. The lawsuit alleged, *inter alia,* that Dr. Garg and his companies had failed to timely pay wages and had failed to pay overtime pay as required by law.

38. Upon information and belief, Dr. Garg became aware of the lawsuit at some point in time between November 15, 2016, and November 18, 2016.

39. Within a mere 3 days of the Lawsuit being filed, on November 18, 2016, while he was in middle of filming a live seminar, Mr. Brenowitz was approached by Dr. Garg who informed Mr. Brenowitz that he was being terminated, effective immediately.

40. To this day, Mr. Brenowitz has not been provided a valid reason for his abrupt termination.

41. All conditions precedent to the filing of this action have occurred or have been waived.

**COUNT I – VIOLATION OF FLSA: RETALIATORY DISCHARGE- 29 U.S.C. 215 (a)(3)**

42. Mr. Brenowitz repeats, realleges and incorporates by reference paragraphs 1 through 41.

43. Mr. Brenowitz worked for Defendants for over four years without receiving a single write-up or disciplinary action. To the contrary, Mr. Brenowitz's work brought tremendous revenue to the Defendants and was lauded and appreciated by Dr. Garg and his staff.

44. The motivating factor which caused Mr. Brenowitz's discharge was retaliation for the Lawsuit filed by Dr. Ruiz and Dr. Eusebio due to the close association Mr. Brenowitz had

Rodal Law, P.A.
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

with them. It appears that Dr. Garg thought he could get back at Dr. Ruiz and Dr. Eusebio for the Lawsuit by firing Mr. Brenowitz. This is demonstrated in part by the fact that Mr. Brenowitz was discharged a mere 3 days after Dr. Ruiz and Dr. Eusebio first filed their complaint.

45. Further, by terminating Mr. Brenowitz, Dr. Garg also sought to dissuade and deter other employees from exercising their rights under the FLSA. Dr. Garg went so far as to command his other employees not to have any communication with Mr. Brenowitz even in their personal and social lives. This fact came to light when Mr. Brenowitz attempted to call his friend and former co-worker to wish that person a happy new year. Mr. Brenowitz was contacted by that person's brother to inform him that Dr. Garg had instructed his employees not to have any contact with Mr. Brenowitz. Astonishingly, the other person was in such fear of Dr. Garg that the person refused to text or call Mr. Brenowitz—even outside of work hours—for fear of incurring the wrath of Dr. Garg.

46. In other words, Mr. Brenowitz would not have been fired but for the complaints about unpaid overtime wages and other employment violations.

47. In fact, on October 10, 2016, Dr. Garg sent Mr. Brenowitz an e-mail regarding the November program. On October 30, 2016, Dr. Garg sent Mr. Brenowitz an e-mail requesting that he put together a promotional video for their Aventura office, complete with patient testimonials. Mr. Brenowitz even filmed the live training in the D.R. Facility in the first week of November 2016, without any hint or inkling that his job was on the line.

48. The Defendants' termination of Mr. Brenowitz was in direct violation of 29 U.S.C. 215(a)(3) and as a direct and proximate result of the violation of the FLSA by Implant Seminars, Mr. Brenowitz has been damaged.

49. Mr. Brenowitz's damages include but are not limited to loss of wages, emotional

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

distress and humiliation.

50. At all times relevant to this Complaint, Dr. Garg was the effective owner, director, and manager of Implant Seminars. Dr. Garg was the employer of Mr. Brenowitz within the meaning of the FLSA, in that Dr. Garg acted directly in the interests of Implant Seminars in relation to its employees, including Mr. Brenowitz. Dr. Garg had financial and operational control of Implant Seminars, gave Mr. Brenowitz his schedule, determined terms and working conditions of Mr. Brenowitz, and he is jointly liable for Mr. Brenowitz's damages.

51. Mr. Brenowitz has retained the law offices of Rodal Law, P.A. to represent him in this action and has agreed to pay a reasonable attorney's fee.

52. As a result of the above violations of the FLSA, Mr. Brenowitz is entitled to recovery for compensatory damages and an equal amount of liquidated damages, together with reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff, MATTHEW B. BRENOWITZ, respectfully asks this Court to:

a) Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enter judgment against Defendants IMPLANT SEMINARS and ARUN KUMAR GARG and in favor of Mr. Brenowitz for recovery of compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. 216(b);

c) Enter an order awarding Mr. Brenowitz his reasonable attorney fees, costs, and expenses;

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

d) Order the Defendants IMPLANT SEMINARS and ARUN KUMAR GARG to make Mr. Brenowitz whole by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial; and

e) For such other relief to which this Honorable Court may deem just and proper.

## COUNT II-VIOLATION OF FLSA: FAILURE TO PAY OVERTIME

53. Mr. Brenowitz repeats, realleges and incorporates by reference paragraphs 1 through 41.

54. Implant Seminars is engaged in interstate commerce and has approximately 50 employees engaged in commerce designed to attract dentists from out of state to attend seminars in Florida or to attend seminars in other states. Implant Seminars' annual gross revenue is well in excess on $500,000.00. Therefore, there is FLSA enterprise coverage.

55. Mr. Brenowitz was employed by Implant Seminars—an enterprise engaged in interstate commerce. Mr. Brenowitz, through his regular daily activities was regularly engaged in interstate commerce. Therefore, there is FLSA individual coverage.

56. Implant Seminars employed Mr. Brenowitz, as a non-exempt salaried employee from November 1, 2012, through November 18, 2016, or more than 4 years.

57. Mr. Brenowitz is only seeking relief for those violations that fall within the statute of limitations.

58. Mr. Brenowitz worked in excess of 40 hours for many weeks within the past three years, including the past year, but he was not paid for overtime hours at the rate of time and a half his regular wage rate.

59. Implant Seminars and Dr. Garg knew of Mr. Brenowitz's overtime hours as Dr. Garg himself was involved in the setting of the hours, and arranging trips to the D.R. Facility. Moreover, Dr. Garg and Implant Seminars have been defendants in prior FLSA actions for

10 | P a g e
**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

failure to pay overtime.

60. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees ... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

61. Mr. Brenowitz was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty, in violation of 29 U.S.C. §207 (a)(1).

62. The Defendants knowingly enjoyed the labor of Mr. Brenowitz, and Mr. Brenowitz worked at the will of Dr. Garg.

63. Defendants willfully and intentionally refused to pay Mr. Brenowitz's overtime wages as required by the FLSA, knew of the overtime requirements of the FLSA, and recklessly failed to investigate whether Implant Seminar's payroll practices were in accordance with the FLSA.

64. At all times relevant to this Complaint, Dr. Garg was the effective owner, director, and manager of Implant Seminars. Defendant, Dr. Garg was the employer of Mr. Brenowitz within the meaning of the FLSA, in that Dr. Garg acted directly in the interests of Implant Seminars in relation to its employees, including Mr. Brenowitz. Dr. Garg had financial and operational control of Implant Seminars, gave Mr. Brenowitz his schedule, determined terms and working conditions of Mr. Brenowitz, and he is jointly liable for Mr. Brenowitz's damages.

65. Defendants Implant Seminars and Dr. Garg willfully and intentionally refused to pay Mr. Brenowitz overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Mr. Brenowitz these overtime wages since the

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

commencement of his employment with Defendants as set forth above.

66. Mr. Brenowitz has retained the law offices of Rodal Law, P.A. to represent him in this action and has agreed to pay a reasonable attorney's fee.

67. As a result of the above violations of the FLSA, Mr. Brenowitz is entitled to recovery for compensatory damages and an equal amount of liquidated damages, together with reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff, MATTHEW B. BRENOWITZ, respectfully asks this Court to:

a) Enter judgment against Defendants IMPLANT SEMINARS and ARUN KUMAR GARG and in favor of Mr. Brenowitz on the basis of Defendants' willful violations of the FLSA, 29 U.S.C. § 201 et seq.;

b) Award Mr. Brenowitz his actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest;

c) Award Mr. Brenowitz an equal amount in double damages/liquidated damages;

d) Award Mr. Brenowitz his reasonable attorney fees, costs, and expenses; and

e) For such other relief to which this Honorable Court may deem just and proper

## DEMAND FOR JURY TRIAL

Plaintiff, Matthew B. Brenowitz, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar Number: 91210
Rodal Law, P.A.
3201 Griffin Road, Suite 203
Dania Beach, Florida 33312
Telephone: (954) 367-5308
Facsimile: (954) 272-7587
E-mail: Chezky@Rodallaw.com

12 | P a g e

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com